DAVID M. WALSH (SB# 120761)
WENDY J. RAY (SB# 226269)
KAI S. BARTOLOMEO (SB# 264033)
ADAM M. SEVELL (SB# 266428)
dwalsh@mofo.com
wray@mofo.com
kbartolomeo@mofo.com
asevell@mofo.com
MORRISON & FOERSTER LLP
707 Wilshire Boulevard, Suite 6000
Los Angeles, CA 90017-3543
Telephone: (213) 892-5200
Facsimile: (213) 892-5454

Attorneys for Plaintiff
BEATS ELECTRONICS, LLC

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| BEATS ELECTRONICS, LLC,<br><br>  Plaintiff,<br><br>  v.<br><br>STEVEN LAMAR; ROAM, LLC; ROAM, INC; and DOES 1-10, inclusive,<br><br>  Defendants. | Case No. 2:14-cv-7537<br><br>**COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF FOR:**<br><br>**(1) False Advertising (15 U.S.C. § 1125(a))**<br><br>**(2) Unfair Competition (15 U.S.C. § 1125(a))**<br><br>**(3) False Advertising (Cal. Bus. & Prof. Code §§ 17500,** *et seq.***)**<br><br>**(4) Unfair Competition (Cal. Bus. & Prof. Code §§ 17200,** *et seq.***)**<br><br>**DEMAND FOR JURY TRIAL** |

Plaintiff Beats Electronics, LLC ("Beats") for its complaint against defendants Steven Lamar ("Lamar"), ROAM, LLC, ROAM, Inc. (together "ROAM"), and Does 1-10 avers as follows:

# PRELIMINARY STATEMENT

1. Plaintiff Beats is a cutting-edge consumer electronics company that creates and sells, among other things, high quality headphones under the "Beats" and "Beats by Dr. Dre" trademarks. To capitalize on Beats' strong reputation at the time of ROAM's launch of a competing headphone line, Defendants made false and misleading claims regarding Lamar's association with Beats and "Beats by Dr. Dre" in connection with Defendants' marketing of their new headphones.

2. Specifically, on or about September 4, 2014, Defendants began falsely and misleadingly claiming that Lamar is a "Beats Electronics Co-Founder" or a "co-founder of Beats by Dr. Dre." Defendants also falsely and misleadingly claimed that one of Lamar's companies, Jibe Audio, LLC ("Jibe Audio"), was responsible for the "concept, design, manufacturing and distribution of the Beats by Dr. Dre headphone product line."

3. Defendants' claims are false and misleading because Lamar is not a "co-founder" of Beats Electronics, LLC: he does not have—nor has he ever had—any ownership interest in the company. Moreover, Jibe Audio was not responsible for the "concept, design, manufacturing and distribution" of Beats' headphones.

4. Following Defendants' false and misleading claims, third-party articles, Tweets, and blog-postings inaccurately referred to Lamar as a "co-founder" or an "employee" of Beats. Lamar perpetuated these inaccuracies by Tweeting direct links to these stories.

5. Although Defendants have removed some of these false and misleading claims from social media and online sources, there remain false and misleading statements on ROAM's website and on Lamar's social media profiles. On information and belief, Defendants have taken no steps to inform the public that these statements were incorrect.

6. Defendants' false and misleading statements are clearly intended to draw a connection between the well-known and extremely successful Beats brand

and ROAM's new ROPES headphones, to Defendants' commercial benefit.

7. Defendants' false and misleading statements have caused confusion as to the relationship between Beats and Defendants and have unlawfully associated ROAM's ROPES headphones with Beats' headphones.

## I. JURISDICTION AND VENUE

8. This Court has subject matter jurisdiction over this action pursuant to 15 U.S.C. § 1121 (action arising under the Lanham Act) and 28 U.S.C. § 1367 (supplemental jurisdiction).

9. Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391(b)(2) because a substantial part of the events giving rise to the claim occurred in this judicial district.

## II. PARTIES

10. Plaintiff Beats is a limited liability company organized under the laws of Delaware, with its principal place of business at 1601 Cloverfield Boulevard, Suite 5000N, Santa Monica, California 90404. Beats was acquired by Apple Inc. on August 1, 2014. Press coverage of the acquisition was, and continues to be, extensive.

11. On information and belief, Defendant Lamar, an individual, is a founder of Defendants ROAM, LLC and ROAM, Inc. On information and belief, Lamar resides in Belvedere Tiburon, California.

12. Defendant ROAM, LLC is a limited liability company organized under the laws of California. On information and belief, ROAM, LLC's headquarters is located in Belvedere Tiburon, California.

13. Defendant ROAM, Inc. is a Delaware corporation organized under the laws of Delaware, whose registered agent is United States Corporation Agents, Inc., located at 1521 Concord Pike, Suite 301, Wilmington, Delaware 19803.

14. Defendants Does 1-10 are persons or entities whose identities and roles are unknown, who are associated with one or more of the Defendants and, on

3
COMPLAINT

information and belief, are residents of, or will be present in, the State of California and this judicial district or have transacted business in the State of California during the time period covered by this Complaint, and are subject to the jurisdiction of this Court. Beats will amend its Complaint to include the name or names of said persons or entities when that information becomes readily available.

### III. STATEMENT OF FACTS

### BACKGROUND

15. Beats was co-founded by legendary artist and producer Andre Young (professionally known as "Dr. Dre") and Jimmy Iovine, former Chairman of Interscope Geffen A&M Records. Beats has developed revolutionary headphones with the capacity to reproduce the full spectrum of sound that musical artists and producers hear when producing music.

16. In or about early 2006, Dr. Dre and Mr. Iovine were collaborating on designing and developing a new and innovative headphone. Defendant Lamar was introduced to Dr. Dre and Mr. Iovine, and the three engaged in some discussions about working with Lamar's company, SLS International, Inc. ("SLS").

17. After Dr. Dre, Mr. Iovine, and Lamar agreed to collaborate on producing the headphone, Lamar breached the oral agreement.

18. In response, Mr. Iovine and Dr. Dre sued Lamar, SLS, Jibe Audio, and other entities in July 2006. The parties settled that dispute on April 24, 2007. As part of the settlement, all rights, title, and interest in the headphone design and the trademark "Beats by Dr. Dre" were assigned exclusively to Dr. Dre and Mr. Iovine. Dr. Dre and Mr. Iovine have had no further relationship with Lamar, SLS, or Jibe Audio since the settlement of the 2006 lawsuit.

19. Beats' first headphone model, the original Studio Headphone, was released in the fall of 2008, more than two years after Dr. Dre's and Mr. Iovine's brief collaboration with Lamar ended.

20. The original Studio Headphones, and the other headphones and products that Beats has developed, designed, and sold since the original Studio Headphones were introduced, have enjoyed tremendous popularity and sales. Beats headphones were featured with Dr. Dre in commercials, and have been endorsed in commercials by numerous performing artists, including William Adams (professionally known as "will.i.am"), Justin Bieber, Lady Gaga, and Ellie Goulding. Beats headphones have also been endorsed by famous athletes, such as basketball superstars LeBron James and Kevin Garnett, tennis star Serena Williams, and football superstars Colin Kaepernick and Richard Sherman. Beats headphones are regularly worn by collegiate and professional athletes during nationally broadcasted sporting events, including the Super Bowl and the NBA Playoffs. High-profile fashion designers Fendi and Alexander Wang have designed special edition Beats headphones. Popular magazines, such as *Time*, *Vibe*, and *ESPN The Magazine*, have featured articles on Beats. Popular websites such as Coolspotters.com have pages listing the numerous celebrities wearing or using Beats headphones. These celebrity endorsements have given Beats' headphone products an aura of "coolness" unique in the headphone market, which Defendants are attempting to capture through their false and misleading statements linking Defendants' planned new products to Beats.

21. Apple announced its intention to acquire Beats in May 2014, and that it expected the transaction to close by September 2014. After Apple's announcement through the transaction's closing on August 1, 2014, there was extensive publicity and press coverage of the deal, including on television, radio, and the Internet, and in publications such as the *Los Angeles Times*, the *San Jose Mercury News*, the *San Francisco Chronicle*, and the *New York Times*.

22. On information and belief, Defendants timed the announcement of their competing headphones to coincide with the enhanced publicity regarding Beats resulting from Apple's acquisition of Beats. Specifically, Defendants first

1  announced their new headphones on September 4, 2014, approximately one month
2  after Apple's acquisition of Beats, even though ROAM's headphones will not be
3  available until November 20, 2014.

### DEFENDANTS' FALSE AND MISLEADING STATEMENTS

23. On September 4, 2014, ROAM issued two press releases announcing that it would be accepting pre-orders for its first headphone product—ROPES—starting on September 5, 2014. ROAM included an inaccurate and misleading representation that Lamar was a "co-founder" of Beats by Dr. Dre in each of those press releases. The press releases were available on ROAM's website, www.ROAMwith.com, as well as on MarketWired and PRNewswire. On information and belief, Defendants recently revised the two press releases by deleting the misrepresentation that Lamar was a "co-founder" of "Beats by Dr. Dre" in each of those press releases. Attached hereto as Exhibits 1 and 2 are true and correct copies of ROAM's September 4, 2014 press releases. Exhibits 3 and 4 are true and correct copies of ROAM's revised press releases as of September 22, 2014.

24. Until September 24, 2014, Lamar's CrunchBase profile falsely and misleadingly described him as a "Beats Electronics Co-Founder." The claim was listed under the section entitled "Person Details" and includes images of Beats' trademark logos "b" and "beats by dr. dre." On September 24, 2014, the statement was partially revised. The profile now falsely and misleadingly claims that Jibe Audio is "responsible for the concept and design of the Beats by Dr. Dre headphone product line." Exhibits 5 and 6 are true and correct copies of excerpts from Lamar's CrunchBase profile as of September 22 and September 24, 2014.

25. Until approximately September 22, 2014, the "Our Story" page on the ROAM website had a prominent and misleading title which stated: "STEVEN LAMAR is the co-founder of Beats by Dr. Dre," adjacent to a photo of Lamar. Exhibits 7 and 8 are true and correct copies of excerpts from ROAM's website as of September 14 and September 22, 2014.

1    26.    Until September 15, 2014, the "Our Story" page on the ROAM website falsely stated that "Steven Lamar is the founder of Jibe Audio, LLC, which was responsible for the concept, design, manufacturing and distribution of the Beats by Dr. Dre headphone product line." On or about September 22, 2014, the statement was partially revised. The website now falsely and misleadingly claims that "Steven Lamar is the founder of Jibe Audio, LLC, which was responsible for the concept and design of the Beats by Dr. Dre headphone product line." Lamar also made the same false claim about the role of Jibe Audio on his LinkedIn profile. Exhibits 7 and 8 are true and correct copies of excerpts from ROAM's website as of September 14 and September 22, 2014.

27.    Until approximately September 22, 2014, Lamar's LinkedIn profile and his Twitter profile misleadingly described Lamar as a "co-founder" of Beats by Dr. Dre or Beats by Dre. On the Twitter profile, Lamar listed this claim immediately under the statement that he is "Founder – ROAM." Exhibits 9 and 10 are true and correct copies of excerpts from Lamar's Twitter profiles as of September 14 and September 22, 2014.

28.    On September 8 and September 10, 2014, Lamar misleadingly claimed that he was a "Beats by Dre Co-founder" in his Tweets about ROAM's new ROPES headphones. *See* Exhibit 9 (Lamar's September 14, 2014 Twitter profile). These false statements remain on his Twitter account.

**DEFENDANTS HAVE CAUSED CONFUSION ABOUT LAMAR'S RELATIONSHIP WITH BEATS AND ITS PRODUCTS**

29.    As a result of these repeated misrepresentations that Lamar is a "co-founder of Beats by Dr. Dre" and a "Beats Electronics Co-Founder," and that his company Jibe Audio was responsible for the "concept, design, manufacturing and distribution" of Beats by Dr. Dre headphones, third parties are inaccurately referring to Lamar as a co-founder of Beats, and at least two publications have recently described him as an employee of Beats, neither of which is true.

30. Specifically, on September 4, 2014, the day ROAM issued the two press releases describing Lamar as a co-founder of Beats by Dr. Dre and that Lamar Tweeted a link to the www.ROAMwith.com website with the inaccurate and prominent claim that he was a co-founder of "Beats by Dre," numerous third parties published or Tweeted articles that described Lamar as a Beats co-founder or Beats employee, all made in the context of marketing and advertising his new and competing product.

(a) On September 4, 2014, *Business Insider* published an article titled "An Early Beats Employee Who Sued The Company For Cutting Him Out Of Royalties Is Now Selling His Own $299 Headphones," which referred to Mr. Lamar as an "early Beats employee." *Business Insider* even notes that in one of the ROAM press releases "Lamar calls himself a 'Beats by Dr. Dre co-founder.'" Attached hereto as Exhibit 11 is a true and correct copy of the *Business Insider* article.

(b) On September 4, 2014, *The Verge* published an article describing Lamar as a "disgruntled Beats cofounder" and as "one of the company's earliest employees." Attached hereto as Exhibit 12 is a true and correct copy of *The Verge* article.

(c) On September 4, 2014, *BGR* published an article describing Lamar as a "Beats cofounder" and stating that Lamar "has broken away from his former company"—referring to Beats. Attached hereto as Exhibit 13 is a true and correct copy of the *BGR* article.

(d) On or about September 4, 2014, additional articles with similar inaccurate statements appeared on at least the following websites: LockerDome, Engadget, and Gizmodo. Attached hereto as Exhibits 14, 15, and 16 are true and correct copies of excerpts of these websites.

   (e) Tweets about the newest headphones from a "Beats cofounder" came from Engadget, Gizmodo and ZombiD and were subsequently re-Tweeted by Lamar. *See* Exhibits 9 and 10 (Lamar's Twitter profile).

   (f) *Highsnobiety* Tweeted about "Beats' co-founder's" new headphones, and Lamar re-Tweeted that Tweet. *See* Exhibits 9 and 10 (Lamar's Twitter profile). On its website, *Highsnobiety* even includes a link to an article about ROAM's new ROPES headphones in its listing of articles about Beats' products, so that if one is searching for information about Beats' products on the *Highsnobiety* website, the first article that is listed is about Defendants' new competing ROPES headphone products. Attached hereto as Exhibit 17 is a true and correct copy of an excerpt from the *Highsnobiety* website.

   (g) *Gear Hunger* Tweeted about "Beats' co-founder's" new headphones, and Lamar also re-Tweeted that Tweet. *See* Exhibit 9 and 10 (Lamar's Twitter profile).

   (h) *ThisThatNew* published an article following Defendants' misstatements entitled "Beats by Dre Cofounder Launches ROAM Ropes." That article starts off describing Lamar as "Ousted Beats by Dre cofounder" and then goes on to discuss ROAM's new competing ROPES headphones. Attached hereto as Exhibit 18 is a true and correct copy of *ThisThatNew*'s article.

   (i) An article that *SuperCompressor* published following Defendants' misstatements had a title that copied the language of the Tweet verbatim: "Badass Necklace Headphones From A Beats By Dre Co-Founder." Attached hereto as Exhibit 19 is a true and correct copy of the *SuperCompressor* article.

  31. Defendants' misleading statements that Lamar co-founded "Beats by Dr. Dre" and that he was a "Beats Electronics Co-Founder" have led others to believe that he was a co-founder of Beats even though Lamar had no relationship with Mr. Iovine or Dr. Dre after the 2006 lawsuit was settled, and certainly did not

1  join them to co-found a new company—Beats Electronics, LLC—18 months later,
2  in October 2008.  Moreover, Lamar's company, Jibe Audio, never manufactured or
3  distributed *any* Beats headphones, nor was it responsible for the headphones'
4  concept and design.  In fact, Jibe Audio was not even established until *after* the first
5  design patent was filed for Beats' headphone products.  *Compare* Exhibit 20 (U.S.
6  D552,077 S filed June 13, 2006) *with* Exhibit 21 (Registration date for Jibe Audio
7  dated July 5, 2006).

8      32.    The fact that third parties have interpreted Defendants' statements to
9  mean that Beats is Lamar's "former company," that Lamar was one of Beats'
10 "earliest employees," and that Lamar was a co-founder of Beats itself demonstrates
11 the deceptive, confusing and misleading nature of Defendants' claims, all in
12 connection with the marketing and advertising of Defendants' new and competing
13 product.

**DEFENDANTS ACTED WILLFULLY AND WITH AN INTENT TO CAUSE CONFUSION, MISTAKE AND/OR DECEPTION**

16     33.    On information and belief, Defendants' claims that Lamar was a co-
17 founder of Beats Electronics and Beats by Dr. Dre, and that Lamar's company Jibe
18 Audio was responsible for the concept, design, manufacture and distribution of
19 Beats headphones, are clearly intended to draw a connection between the well-
20 known and extremely successful Beats brand and ROAM's new ROPES
21 headphones, to Defendants' commercial benefit.

22     34.    On information and belief, Defendants' efforts to mislead the public
23 and tie the success of the Beats headphones to the launch of ROAM's new
24 headphone line have been successful:  the third-party articles and Tweets described
25 above discuss the launch of ROAM's new ROPES headphones while also
26 describing Lamar as a Beats co-founder.  The articles and Tweets also use the
27 phrase "co-founder of Beats," or similar language, which gives unwarranted

1   legitimacy to ROAM's headphones. Consumers can order the competing ROPES
2   headphones through links to ROAM's website contained in many of the articles.

## BEATS IS BEING IRREPARABLY HARMED

4   35. As a result of Defendants' false and misleading statements, consumers searching for information about Beats products are likely to find information about Defendants' products and links to the ROAM website, where Defendants' competing headphones can be ordered. On information and belief, such consumers are likely to draw an association between Beats' successful headphones and ROAM's new headphone products, leading them to believe that Defendants' untested new headphones are of the same high quality as Beats'.

36. On information and belief, consumers who are confused or deceived into believing that there is an association between the ROAM product line and the successful Beats by Dr. Dre products may decide to order Defendants' competing headphones instead of purchasing Beats' products, causing Beats to lose sales.

37. On information and belief, consumers who test or buy Defendants' headphones and are dissatisfied with their quality will associate that lower quality with Beats' headphones as a result of Defendants' claims that Lamar, who also identifies himself as the founder of ROAM, was a co-founder of Beats Electronics and Beats by Dr. Dre.

38. If Defendants continue their false and misleading representations that Lamar was a co-founder of Beats Electronics and Beats by Dr. Dre and that Lamar's company, Jibe Audio, was responsible for the concept, design, manufacture and distribution of Beats by Dr. Dre products, Beats will be irreparably harmed, including through loss of goodwill, reputation, market share, and revenue. Such irreparable harm will continue unless Defendants are restrained from making false representations about the nature of Defendants' relationships with Beats and remove all misleading statements from all public locations, including but not limited to social media and online.

**FIRST CLAIM FOR RELIEF**

**(False Advertising, Lanham Act Section 43(a), 15 U.S.C. § 1125(a))**

39. Beats incorporates the allegations in paragraphs 1 through 38 above, as if set forth fully herein.

40. Defendants have misrepresented their relationship with Beats. Defendants have misleadingly stated that Lamar was a "co-founder" of Beats by Dr. Dre and Beats Electronics, and have falsely stated that Lamar's company, Jibe Audio, was responsible for the concept, design, manufacture and distribution of Beats by Dr. Dre headphones.

41. Defendants' statements were made in two press releases, on ROAM's website, and through social media to promote Defendants' new competing ROPES headphones.

42. Defendants' statements have misled, or have the tendency to mislead, a substantial segment of the consumer electronics market.

43. Defendants' statements are deliberate and intentional misrepresentations of material facts. Lamar was not a co-founder of Beats. Jibe Audio never manufactured or distributed Beats by Dr. Dre headphones, nor was it responsible for the concept or design.

44. Defendants caused their false and misleading statements to enter interstate commerce.

45. Defendants' false statements and misrepresentations of the nature, characteristics, and qualities of Defendants' commercial activities have harmed and are likely to continue to harm Beats by the diversion of sales from Beats to ROAM.

46. The conduct alleged above constitutes false advertising, in violation of Section 43(a) of the Lanham Act (15 U.S.C. § 1125(a)).

47. Defendants' acts have caused, and will continue to cause, substantial monetary harm to Beats, and have damaged Beats' reputation and goodwill, including the goodwill associated with the Beats by Dr. Dre brand. Defendants'

activities, unless restrained, will continue to cause further irreparable injury to Beats and the Beats by Dr. Dre brand for which Beats has no adequate remedy at law.

48. On information and belief, Defendants undertook the acts described herein with full knowledge and intent to cause harm to Beats.

## SECOND CLAIM FOR RELIEF

**(Unfair Competition, Lanham Act Section 43(a), 15 U.S.C. § 1125(a))**

49. Beats incorporates the allegations in paragraphs 1 through 48 above, as if set forth fully herein.

50. Defendants have deliberately and intentionally misrepresented their relationship with Beats. Defendants have misleadingly stated that Lamar was a "co-founder" of Beats by Dr. Dre and Beats Electronics, and have falsely stated that Lamar's company, Jibe Audio, was responsible for the concept, design, manufacture and distribution of Beats by Dr. Dre headphones.

51. Defendants caused their false and misleading statements to enter interstate commerce.

52. Defendants' statements have caused, or are likely to cause, confusion, mistake, or deception as to an association between Beats' successful headphones and ROAM's new ROPES headphones, leading consumers to believe that Defendants' untested new headphones are of the same high quality as Beats' and/or that Beats is affiliated with Defendants or Defendants' products.

53. The conduct alleged above constitutes unfair competition, in violation of Section 43(a) of the Lanham Act (15 U.S.C. § 1125(a)).

54. Defendants' acts have caused, and will continue to cause, substantial monetary harm to Beats, and have damaged Beats' reputation and goodwill, including the goodwill associated with the Beats by Dr. Dre brand. Defendants' activities, unless restrained, will continue to cause further irreparable injury to

1  Beats and the Beats by Dr. Dre brand for which Beats has no adequate remedy at
2  law.
3      55.    On information and belief, Defendants undertook the acts described
4  herein with full knowledge of Beats' rights and with the intent to cause confusion
5  and harm to Beats and to compete unfairly with Beats.

## THIRD CLAIM FOR RELIEF

**(False and Misleading Advertising, Cal. Bus. & Prof. Code § 17500, *et seq.*)**

56.     Beats incorporates the allegations in paragraphs 1 through 55 above, as if set forth fully herein.

57.     Defendants have made false and misleading statements about their relationship and/or association with Beats. Defendants have misleadingly stated that Lamar was a "co-founder" of Beats by Dr. Dre and Beats Electronics, and have falsely stated that Lamar's company, Jibe Audio, was responsible for the concept, design, manufacture and distribution of Beats by Dr. Dre headphones.

58.     Defendants knew that these statements were false or misleading, or should have known them to be false or misleading by the exercise of reasonable care.

59.     Defendants' statements have misled, or are likely to mislead, a reasonable consumer into believing that Lamar was a "co-founder of Beats by Dr. Dre," that Lamar's company, Jibe Audio, was responsible for the concept, design, manufacture and distribution of Beats by Dr. Dre headphones, that Defendants' untested new headphones are of the same high quality as Beats' and/or that Beats is affiliated with Defendants or Defendants' products.

60.     Defendants knew, or in the exercise of reasonable care should have known, that these statements were misleading or deceptive as set forth herein.

61.     The conduct alleged above constitutes false and misleading advertising, in violation of Section 17500, *et seq.* of California's Business and Professions Code.

62. Beats has suffered loss of money or property as a result of Defendants' false and misleading statements. Defendants' acts have caused, and will continue to cause, irreparable injury to Beats, including injury to Beats' reputation and goodwill and the goodwill associated with the Beats by Dr. Dre brand. Defendants' activities, unless restrained, will continue to cause further irreparable injury to Beats and the Beats by Dr. Dre brand for which Beats has no adequate remedy at law.

## FOURTH CLAIM FOR RELIEF

**(Unfair Competition, Cal. Bus. & Prof. Code § 17200, *et seq.*)**

63. Beats incorporates the allegations in paragraphs 1 through 62 above, as if set forth fully herein.

64. California Business & Professions Code § 17200, *et seq.* ("UCL") prohibits any "unlawful . . . business act or practice." The above-described acts constitute false advertising and unfair competition under Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a) and false advertising under Section 17500 of the California Business & Professions Code, and are therefore unlawful acts in violation of the UCL.

65. Beats reserves the right to allege other violations of law, which constitute other unlawful business acts or practices. Defendants' conduct is ongoing and continues to this date.

66. The UCL also prohibits any "unfair or fraudulent business act or practice."

67. Defendants' above-described acts are unfair because Defendants have made false and misleading statements about their affiliation with Beats in order to confuse the public and capitalize on Beats' goodwill, reputation, and prominence in the market. These acts gave Defendants an unfair competitive advantage and violated established law and/or public policies which seek to ensure truthful and accurate statements in advertising, including, *inter alia*, Section 43(a) of the

Lanham Act, 15 U.S.C. § 1125(a), and false advertising under Section 17500 of the California Business & Professions Code. Therefore, Defendants' acts alleged herein were and are unfair within the meaning of the UCL.

68. The above-described acts are likely to, and did, mislead or deceive reasonable consumers into believing that there is an affiliation between Beats and ROAM, or between Beats' products and ROAM's products, and therefore are fraudulent acts in violations of the UCL.

69. Defendants willfully and intentionally made the false and misleading statements with an intent to cause confusion or mistake or to deceive consumers into believing that there is an affiliation between Beats and ROAM, or between Beats' products and ROAM's products.

70. Beats has suffered loss of money or property as a result of Defendants' unlawful, unfair, and fraudulent business acts and practices. Defendants' acts have caused, and will continue to cause, irreparable injury to Beats, including injury to Beats' reputation and goodwill and the goodwill associated with the Beats by Dr. Dre brand. Defendants' activities, unless restrained, will continue to cause further irreparable injury to Beats and the Beats by Dr. Dre brand for which Beats has no adequate remedy at law.

71. Defendants should be required to restore to Beats any and all profits earned as a result of their unlawful, fraudulent and unfair actions, or provide Beats with any other restitutionary relief as the Court deems appropriate.

## PRAYER FOR RELIEF

WHEREFORE, Beats prays for judgment as follows:

1. That the Court preliminarily and permanently enjoin Defendants, their officers, agents, servants, employees, attorneys, and all others in active concert or participation with them from:

    (a) Making false or misleading statements with respect to Lamar's purported relationship with Beats or Beats by Dr. Dre, including statements to the

effect that Lamar was a "co-founder" of Beats or Beats by Dr. Dre or an employee of Beats or Beats by Dr. Dre;

    (b)   Making false or misleading statements with respect to Jibe Audio's purported involvement with Beats or Beats by Dr. Dre; and

    (c)   Committing any other unlawful business practices directed toward obtaining the business and customers of Beats.

2.   That the Court preliminarily and permanently order Defendants, their officers, agents, servants, employees, attorneys, and all others in active concert or participation with them to remove all statements made on social media sites or online claiming:

    (a)   That Defendant Lamar was a "co-founder" of Beats or Beats by Dr. Dre or an employee of Beats or Beats by Dr. Dre;

    (b)   That Jibe Audio had any involvement with Beats or Beats by Dr. Dre; and

    (c)   Any other false or misleading statements about any of Defendants' associations with Beats.

3.   That the Court order Defendants, their officers, agents, servants, employees, attorneys, and all others in active concert or participation to remedy their misstatements by, including but not limited to:

    (a)   Issuing a public statement correcting Defendants' earlier misrepresentations;

    (b)   Contacting every third party who inaccurately referred to Lamar as a co-founder of Beats or described him as an employee of Beats to explain that Lamar was not a co-founder or employee of Beats and that the inaccurate language should be removed or withdrawn; and

    (c)   Contacting every third party who inaccurately referred to Jibe Audio as having any involvement with Beats or Beats by Dr. Dre headphones to explain that the inaccurate language should be removed or withdrawn.

4. That the Court award Beats the profits made by Defendants and the actual damages suffered by Beats as a result of Defendants' unlawful conduct, in an amount to be proven at trial.

5. That the Court award Beats treble damages and enhanced profits pursuant to 15 U.S.C. § 1117(a).

6. That the Court award prejudgment interest on all amounts awarded.

7. That the Court award Beats its costs and attorneys' fees pursuant to 15 U.S.C. § 1117 and applicable California law.

8. That the Court grant Beats any other remedy to which it may be entitled, including all remedies provided for in 15 U.S.C. § 1117 and under California law.

9. That the Court award such other relief as it deems just and proper.

## DEMAND FOR JURY TRIAL

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Beats hereby demands trial by jury on all issues raised by the Complaint.

Dated: September 26, 2014   MORRISON & FOERSTER LLP

By:    /s/ David M. Walsh
      David M. Walsh

Attorneys for Plaintiff
BEATS ELECTRONICS, LLC

sf-3458054