1 DAVID M. WALSH (SB# 120761)
WENDY J. RAY (SB# 226269)
2 KAI S. BARTOLOMEO (SB# 264033)
ADAM M. SEVELL (SB# 266428)
3 dwalsh@mofo.com
wray@mofo.com
4 kbartolomeo@mofo.com
asevell@mofo.com
5 MORRISON & FOERSTER LLP
707 Wilshire Boulevard, Suite 6000
6 Los Angeles, CA 90017-3543
Telephone: (213) 892-5200
7 Facsimile: (213) 892-5454

8 Attorneys for Plaintiffs
BEATS ELECTRONICS, LLC and
9 ANDRE YOUNG p/k/a DR. DRE

10

UNITED STATES DISTRICT COURT

11

CENTRAL DISTRICT OF CALIFORNIA

12

13 BEATS ELECTRONICS, LLC, and | Case No. 2:14-cv-7537
ANDRE YOUNG p/k/a DR. DRE,
14
**FIRST AMENDED COMPLAINT FOR
15 Plaintiffs, | DAMAGES AND INJUNCTIVE
RELIEF FOR:**
16 v.

17 STEVEN LAMAR; ROAM, LLC; | **(1) False Advertising
ROAM, INC; and DOES 1-10, | (15 U.S.C. § 1125(a))**
18 inclusive,
**(2) Unfair Competition
19 Defendants. | (15 U.S.C. § 1125(a))**

20 **(3) False Advertising
(Cal. Bus. & Prof. Code §§ 17500, *et
21 seq.*)**

22 **(4) Unfair Competition
(Cal. Bus. & Prof. Code §§ 17200, *et
23 seq.*)**

24 **(5) Misappropriation of Right of
Publicity (Cal. Civ. Code § 3344)**

25 **(6) Common Law Misappropriation of
Right of Publicity**
26

**DEMAND FOR JURY TRIAL**
27

28

FIRST AMENDED COMPLAINT

1    Plaintiffs Beats Electronics, LLC ("Beats") and Andre Young p/k/a Dr. Dre

2    ("Dr. Dre") for their First Amended Complaint against defendants Steven Lamar

3    ("Lamar"), ROAM, LLC, ROAM, Inc. (together "ROAM"), and Does 1-10 aver as

4    follows:

5                              **PRELIMINARY STATEMENT**

6         1.    Plaintiff Beats is a cutting-edge consumer electronics company that

7    creates and sells, among other things, high quality headphones under the "Beats"

8    and "Beats by Dr. Dre" trademarks.  Plaintiff Dr. Dre is a legendary record

9    producer, rapper and entrepreneur, with a widely-recognized name and appearance.

10        2.    To capitalize on Beats' and Dr. Dre's strong reputations and Dr. Dre's

11   renowned name and image at the time of ROAM's launch of a competing

12   headphone line, Defendants made false and misleading claims regarding Lamar's

13   association with Beats and "Beats by Dr. Dre" in connection with Defendants'

14   marketing of their new headphones.

15        3.    Specifically, on or about September 4, 2014, Defendants began falsely

16   and misleadingly claiming that Lamar is a "Beats Electronics Co-Founder" or a

17   "co-founder of Beats by Dr. Dre."  Defendants also falsely and misleadingly

18   claimed that one of Lamar's companies, Jibe Audio, LLC ("Jibe Audio"), was

19   responsible for the "concept, design, manufacturing and distribution of the Beats by

20   Dr. Dre headphone product line."

21        4.    Defendants' claims are false and misleading because Lamar is not a

22   "co-founder" of Beats Electronics, LLC:  he does not have—nor has he ever had—

23   any ownership interest in Beats.  Lamar proposed to Jimmy Iovine and Dr. Dre that

24   he would provide certain technology and financing for a headphone that Mr. Iovine

25   and Dr. Dre were developing.  It quickly became clear that Lamar could not deliver

26   on his promises.  Lamar's fleeting involvement was unconnected to the founding of

27   Beats years later.  Moreover, Jibe Audio was not responsible for the "concept,

28   design, manufacturing and distribution" of Beats' headphones.  Jibe did not legally

exist when the first design patent application for a Beats headphone was filed; Jibe did not file its corporate formation documents until July 2006, a month after that design patent application was filed.

5.     Following Defendants' false and misleading claims, third-party articles, Tweets, and blog-postings inaccurately referred to Lamar as a "co-founder" or an "employee" of Beats.  Lamar perpetuated these inaccuracies by Tweeting direct links to these stories.

6.     Although Defendants have removed some of these false and misleading claims from social media and online sources, there remain false and misleading statements on ROAM's website and on Lamar's social media profiles. On information and belief, Defendants have taken no steps to inform the public that these statements were incorrect.

7.     Defendants' false and misleading statements are clearly intended to draw a connection between the well-known and extremely successful Beats brand, Dr. Dre's famous name, and ROAM's new ROPES headphones, to Defendants' commercial benefit.

8.     Defendants' false and misleading statements are a misappropriation of Dr. Dre's name and trademark, have caused confusion as to the relationship between Beats, Dr. Dre, and Defendants, and have unlawfully associated ROAM's ROPES headphones with Dr. Dre and Beats' headphones.

## I.     JURISDICTION AND VENUE

9.     This Court has subject matter jurisdiction over this action pursuant to 15 U.S.C. § 1121 (action arising under the Lanham Act) and 28 U.S.C. § 1367 (supplemental jurisdiction).

10.    Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391(b)(2) because a substantial part of the events giving rise to the claim occurred in this judicial district.

## II.   PARTIES

11.   Plaintiff Beats is a limited liability company organized under the laws of Delaware, with its principal place of business in Culver City, California.  Beats was acquired by Apple Inc. on August 1, 2014.  Press coverage of the acquisition was, and continues to be, extensive.

12.   Plaintiff Dr. Dre, an individual, resides in California.

13.   On information and belief, Defendant Lamar, an individual, is a founder of Defendants ROAM, LLC and ROAM, Inc.  On information and belief, Lamar resides in Belvedere Tiburon, California.

14.   Defendant ROAM, LLC is a limited liability company organized under the laws of California.  On information and belief, ROAM, LLC's headquarters are located in Belvedere Tiburon, California.

15.   Defendant ROAM, Inc. is a Delaware corporation organized under the laws of Delaware, whose registered agent is United States Corporation Agents, Inc., located at 1521 Concord Pike, Suite 301, Wilmington, Delaware 19803.

16.   Defendants Does 1-10 are persons or entities whose identities and roles are unknown, who are associated with one or more of the Defendants and, on information and belief, are residents of, or will be present in, the State of California and this judicial district or have transacted business in the State of California during the time period covered by this First Amended Complaint, and are subject to the jurisdiction of this Court.  Beats will amend its Complaint to include the name or names of said persons or entities when that information becomes readily available.

## III.   STATEMENT OF FACTS

### BACKGROUND

17.   Beats was co-founded by legendary artist and producer Dr. Dre and Jimmy Iovine, former Chairman of Interscope Geffen A&M Records.  Beats has developed revolutionary headphones with the capacity to reproduce the full spectrum of sound that musical artists and producers hear when producing music.

1    These headphones are branded "b" and "Beats by Dr. Dre." The "Beats by Dr.

2    Dre" trademark draws on Dr. Dre's famous name and image, as well as on the "Dr.

3    Dre" trademark.

4        18.    In or about early 2006, Dr. Dre and Mr. Iovine were working with a

5    third-party manufacturer to design and develop a new and innovative headphone.

6    Lamar was introduced to Mr. Iovine and Dr. Dre. Lamar proposed that his then-

7    employer, SLS International, Inc. ("SLS"), would provide certain technology and

8    financing for the initial headphone. Soon after, it became clear to Mr. Iovine and

9    Dr. Dre that Lamar could not deliver on his promises.

10       19.    Mr. Iovine and Dr. Dre sued Lamar, SLS, Jibe Audio, and other

11   entities in July 2006. The parties settled that dispute on April 24, 2007. All rights,

12   title, and interest in the headphone design and the trademark "Beats by Dr. Dre"

13   were assigned to Dr. Dre and Mr. Iovine, and eventually to Beats. Dr. Dre and Mr.

14   Iovine have had no further relationship with Lamar, SLS, or Jibe Audio since the

15   settlement of the 2006 lawsuit.

16       20.    Beats' initial headphone was released as the "Studio" model in the fall

17   of 2008, more than two years after Dr. Dre's and Mr. Iovine's brief involvement

18   with Lamar ended.

19       21.    The original Studio Headphones, and the other headphones and

20   products that Beats has developed, designed, and sold since the original Studio

21   Headphones were introduced, have enjoyed tremendous popularity and sales. Beats

22   headphones were featured with Dr. Dre in commercials, and have been endorsed in

23   commercials by numerous performing artists, including William Adams

24   (professionally known as "will.i.am"), Justin Bieber, Lady Gaga, and Ellie

25   Goulding. Beats headphones have also been endorsed by famous athletes, such as

26   basketball superstars LeBron James and Kevin Garnett, tennis star Serena Williams,

27   and football superstars Colin Kaepernick and Richard Sherman. Beats headphones

28   are regularly worn by collegiate and professional athletes during nationally

1   broadcasted sporting events, including the Super Bowl and the NBA Playoffs.

2   High-profile fashion designers Fendi and Alexander Wang have designed special

3   edition Beats headphones.  Popular magazines, such as *Time*, *Vibe*, and *ESPN The*

4   *Magazine*, have featured articles on Beats.  Popular websites such as

5   Coolspotters.com have pages listing the numerous celebrities wearing or using

6   Beats headphones.  The use of Dr. Dre's name in the Beats by Dr. Dre trademark

7   and the use of celebrity endorsements have given Beats' headphone products an

8   aura of "coolness" unique in the headphone market, which Defendants are

9   attempting to capture through their false and misleading statements linking

10  Defendants' planned new products to Beats and Dr. Dre.

11          22.    Apple announced its intention to acquire Beats in May 2014, and that

12  it expected the transaction to close by September 2014.  From Apple's

13  announcement through the transaction's closing on August 1, 2014, there was

14  extensive publicity and press coverage of the deal, including on television, radio,

15  and the Internet, and in publications such as the *Los Angeles Times*, the *San Jose*

16  *Mercury News*, the *San Francisco Chronicle*, and the *New York Times*.

17          23.    On information and belief, Defendants timed the announcement of

18  their competing headphones to coincide with the enhanced publicity regarding

19  Beats resulting from Apple's acquisition of Beats.  Specifically, Defendants first

20  announced their new headphones on September 4, 2014, approximately one month

21  after Apple's acquisition of Beats, even though the target launch date for ROAM's

22  headphones was November 20, 2014.

23  **DEFENDANTS' FALSE AND MISLEADING STATEMENTS AND USE OF**

24  **DR. DRE'S NAME FOR THEIR COMMERCIAL ADVANTAGE**

25          24.    On September 4, 2014, ROAM issued two press releases announcing

26  that it would be accepting pre-orders for its first headphone product—ROPES—

27  starting on September 5, 2014.  ROAM included an inaccurate and misleading

28  representation that Lamar was a "co-founder" of Beats by Dr. Dre in each of those

1  press releases.  The press releases were available on ROAM's website,

2  www.ROAMwith.com, as well as on MarketWire and PRNewswire.  On

3  information and belief, Defendants recently revised the two press releases by

4  deleting the misrepresentation that Lamar was a "co-founder" of "Beats by Dr. Dre"

5  in each of those press releases.  Attached hereto as Exhibits 1 and 2 are true and

6  correct copies of ROAM's September 4, 2014 press releases.  Exhibits 3 and 4 are

7  true and correct copies of ROAM's revised press releases as of September 22, 2014.

8      25.    Until September 24, 2014, Lamar's CrunchBase profile falsely and

9  misleadingly described him as a "Beats Electronics Co-Founder."  The claim was

10  listed under the section entitled "Person Details" and included images of Beats' "b"

11  trademark logo and the "beats by dr. dre" trademark in the same style that Beats

12  uses.  On September 24, 2014, the statement was partially revised.  The profile now

13  falsely and misleadingly claims that Jibe Audio is "responsible for the concept and

14  design of the Beats by Dr. Dre headphone product line."  Jibe was not responsible

15  for the concept and design of any Beats headphone.  Exhibits 5 and 6 are true and

16  correct copies of excerpts from Lamar's CrunchBase profile as of September 22

17  and September 24, 2014.

18      26.    Until approximately September 22, 2014, the "Our Story" page on the

19  ROAM website had a prominent and misleading title which stated:  "STEVEN

20  LAMAR is the co-founder of Beats by Dr. Dre," adjacent to a photo of Lamar.

21  Exhibits 7 and 8 are true and correct copies of excerpts from ROAM's website as of

22  September 14 and September 22, 2014.

23      27.    Until September 15, 2014, the "Our Story" page on the ROAM

24  website falsely stated that "Steven Lamar is the founder of Jibe Audio, LLC, which

25  was responsible for the concept, design, manufacturing and distribution of the Beats

26  by Dr. Dre headphone product line."  *See* Exhibits 7 and 8.  As discussed above,

27  Jibe had nothing to do with the concept or design of any Beats by Dr. Dre

28  headphone.  It also never manufactured or distributed any Beats headphone.  On or

about September 22, 2014, the statement was partially revised.  The website now falsely and misleadingly claims that "Steven Lamar is the founder of Jibe Audio, LLC, which was responsible for the concept and design of the Beats by Dr. Dre headphone product line."  *See* Exhibits 7 and 8.  Lamar also made the same false claim about the role of Jibe Audio on his LinkedIn profile.

28.     Until approximately September 22, 2014, Lamar's LinkedIn profile and his Twitter profile misleadingly described Lamar as a "co-founder" of Beats by Dr. Dre or Beats by Dre.  On the Twitter profile, Lamar listed this claim immediately under the statement that he was "Founder – ROAM."  Exhibits 9 and 10 are true and correct copies of excerpts from Lamar's Twitter profiles as of September 14 and September 22, 2014.

29.     On September 8 and September 10, 2014, Lamar misleadingly claimed that he was a "Beats by Dre Co-founder" in his Tweets about ROAM's new ROPES headphones.  *See* Exhibit 9 (Lamar's September 14, 2014 Twitter profile).  These false statements remain on his Twitter account.

**DEFENDANTS HAVE CAUSED CONFUSION ABOUT LAMAR'S RELATIONSHIP WITH BEATS AND ITS PRODUCTS**

30.     As a result of these repeated misrepresentations that Lamar is a "co-founder of Beats by Dr. Dre" and a "Beats Electronics Co-Founder," and that his company Jibe Audio was responsible for the "concept, design, manufacturing and distribution" of Beats by Dr. Dre headphones, third parties are inaccurately referring to Lamar as a co-founder of Beats, and at least two publications have recently described him as an employee of Beats, neither of which is true.  Lamar has perpetuated these third-party misstatements by re-publishing and distributing them.

31.     Specifically, on September 4, 2014, the day on which ROAM issued the two press releases describing Lamar as a co-founder of Beats by Dr. Dre and Lamar Tweeted a link to the www.ROAMwith.com website with the inaccurate and

7

1   prominent claim that he was a co-founder of "Beats by Dre," numerous third parties

2   published or Tweeted articles that described Lamar as a Beats co-founder or Beats

3   employee, all made in the context of marketing and advertising his new and

4   competing product.

5           (a)   On September 4, 2014, *Business Insider* published an article

6   titled "An Early Beats Designer Who Sued The Company For Cutting Him Out Of

7   Royalties Is Now Selling His Own $299 Headphones," which referred to

8   Mr. Lamar as an "early Beats employee."  *Business Insider* even notes that in one

9   of the ROAM press releases "Lamar calls himself a 'Beats by Dr. Dre co-founder.'"

10   Attached hereto as Exhibit 11 is a true and correct copy of the *Business Insider*

11   article.

12           (b)   On September 4, 2014, *The Verge* published an article

13   describing Lamar as a "disgruntled Beats co-founder" and as "one of the company's

14   earliest employees."  Attached hereto as Exhibit 12 is a true and correct copy of *The*

15   *Verge* article.

16           (c)   On September 4, 2014, *BGR* published an article describing

17   Lamar as a "Beats cofounder" and stating that Lamar "has broken away from his

18   former company"—referring to Beats.  Attached hereto as Exhibit 13 is a true and

19   correct copy of the *BGR* article.

20           (d)   On or about September 4, 2014, additional articles with similar

21   inaccurate statements appeared on at least the following websites: LockerDome,

22   Engadget, and Gizmodo.  Attached hereto as Exhibits 14, 15, and 16 are true and

23   correct copies of excerpts of these websites.

24           (e)   Tweets about the newest headphones from a "Beats cofounder"

25   came from Engadget, Gizmodo and ZombiD and were subsequently re-Tweeted by

26   Lamar.  *See* Exhibits 9 and 10 (Lamar's Twitter profile).

27           (f)   *Highsnobiety* Tweeted about "Beats' co-founder's" new

28   headphones, and Lamar re-Tweeted that Tweet.  *See* Exhibits 9 and 10 (Lamar's

Twitter profile).  On its website, *Highsnobiety* even includes a link to an article about ROAM's new ROPES headphones in its listing of articles about Beats' products, so that if one is searching for information about Beats' products on the *Highsnobiety* website, the first article that is listed is about Defendants' new competing ROPES headphone products.  Attached hereto as Exhibit 17 is a true and correct copy of an excerpt from the *Highsnobiety* website.

      (g)    *Gear Hunger* Tweeted about "Beats' co-founder's" new headphones, and Lamar also re-Tweeted that Tweet.  *See* Exhibit 9 and 10 (Lamar's Twitter profile).

      (h)    *ThisThatNew* published an article following Defendants' misstatements entitled "Beats by Dre Cofounder Launches ROAM Ropes."  That article starts off describing Lamar as "Ousted Beats by Dre cofounder" and then goes on to discuss ROAM's new competing ROPES headphones.  Attached hereto as Exhibit 18 is a true and correct copy of *ThisThatNew*'s article.

      (i)    An article that *SuperCompressor* published following Defendants' misstatements had a title that copied the language of the Tweet verbatim: "Badass Necklace Headphones From A Beats By Dre Co-Founder."  Attached hereto as Exhibit 19 is a true and correct copy of the *SuperCompressor* article.

      32.    On information and belief, Defendants' misleading statements that Lamar co-founded "Beats by Dr. Dre" and that he was a "Beats Electronics Co-Founder" have led others to believe that he was a co-founder of Beats even though Lamar had no relationship with Mr. Iovine or Dr. Dre after the 2006 lawsuit was settled, and certainly did not join them to co-found a new company—Beats Electronics, LLC—18 months later, in October 2008.  Moreover, Lamar's company, Jibe Audio, never manufactured or distributed *any* Beats headphones, nor was it responsible for the headphones' concept and design.  In fact, Jibe Audio was not even established until *after* the first design patent application was filed for

1   Beats' headphone products.  *Compare* Exhibit 20 (U.S. D552,077 S filed June 13,
2   2006) *with* Exhibit 21 (Registration date for Jibe Audio dated July 5, 2006).

3       33.   The fact that third parties have apparently interpreted Defendants'
4   statements to mean that Beats is Lamar's "former company," that Lamar was one of
5   Beats' "earliest employees," and that Lamar was a co-founder of Beats itself
6   demonstrates the deceptive, confusing and misleading nature of Defendants' claims,
7   all in connection with the marketing and advertising of Defendants' new and
8   competing product.

9
10   **DEFENDANTS ACTED WILLFULLY AND WITH AN INTENT TO
        CAUSE CONFUSION, MISTAKE AND/OR DECEPTION**

11       34.   On information and belief, Defendants' claims that Lamar was a co-
12   founder of Beats Electronics and Beats by Dr. Dre, and that Lamar's company Jibe
13   Audio was responsible for the concept, design, manufacture and distribution of
14   Beats headphones, are clearly intended to draw a connection between the well-
15   known and extremely successful Beats brand and ROAM's new ROPES
16   headphones, to Defendants' commercial benefit.

17       35.   On information and belief, Defendants' efforts to mislead the public
18   and tie the success of the Beats headphones to the launch of ROAM's new
19   headphone line have been successful: the third-party articles and Tweets described
20   above discuss the launch of ROAM's new ROPES headphones while also
21   describing Lamar as a Beats co-founder.  The articles and Tweets also use the
22   phrase "co-founder of Beats," or similar language, which gives unwarranted
23   legitimacy to ROAM's headphones.  Consumers can pre-order the competing
24   ROPES headphones through links to ROAM's website contained in many of the
25   articles.

26
27
28

## DR. DRE IS BEING IRREPARABLY HARMED

36.    Dr. Dre has carefully and consistently protected his brand, image, and reputation.

37.    Defendants have used and are continuing to use Dr. Dre's name and trademark to their commercial advantage, namely to promote their ROPES product.

38.    If Defendants continue their unauthorized use of Dr. Dre's well-known name and trademark, Dr. Dre will be irreparably harmed, including through loss of control over his name and image.  Such irreparable harm will continue unless Defendants are restrained from using Dr. Dre's name and trademark to their commercial advantage.

## BEATS IS BEING IRREPARABLY HARMED

39.    As a result of Defendants' false and misleading statements, consumers searching for information about Beats products are likely to find information about Defendants' products and links to the ROAM website, where Defendants' competing headphones can be pre-ordered.  On information and belief, such consumers are likely to draw an association between Beats' successful headphones and ROAM's new headphone products, leading them to believe that Defendants' untested new headphones are of the same high quality as Beats'.

40.    On information and belief, consumers who are confused or deceived into believing that there is an association between the ROAM product line and the successful Beats by Dr. Dre products may decide to pre-order Defendants' competing headphones instead of purchasing Beats' products, causing Beats to lose sales.

41.    On information and belief, consumers who test or buy Defendants' headphones and are dissatisfied with their quality will associate that lower quality with Beats' headphones as a result of Defendants' claims that Lamar, who also identifies himself as the founder of ROAM, was a co-founder of Beats Electronics and Beats by Dr. Dre.

42.     If Defendants continue their false and misleading representations that Lamar was a co-founder of Beats Electronics and Beats by Dr. Dre and that Lamar's company, Jibe Audio, was responsible for the concept, design, manufacture and distribution of Beats by Dr. Dre products, Beats will be irreparably harmed, including through loss of goodwill, reputation, market share, and revenue.  Such irreparable harm will continue unless Defendants are restrained from making false representations about the nature of Defendants' relationships with Beats and remove all misleading statements from all public locations, including but not limited to social media and online.

## IV.   CLAIMS FOR RELIEF

### FIRST CLAIM FOR RELIEF

### (False Advertising, Lanham Act Section 43(a), 15 U.S.C. § 1125(a))

43.     Beats incorporates the allegations in paragraphs 1 through 42 above, as if set forth fully herein.

44.     Defendants have misrepresented their relationship with Beats. Defendants have misleadingly stated that Lamar was a "co-founder" of Beats by Dr. Dre and Beats Electronics, and have falsely stated that Lamar's company, Jibe Audio, was responsible for the concept, design, manufacture and distribution of Beats by Dr. Dre headphones.

45.     Defendants' statements were made in two press releases, on ROAM's website, and through social media to promote Defendants' new competing ROPES headphones.

46.     Defendants' statements have misled, or have the tendency to mislead, a substantial segment of the consumer electronics market.

47.     Defendants' statements are deliberate and intentional misrepresentations of material facts.  Lamar was not a co-founder of Beats.  Jibe Audio never manufactured or distributed Beats by Dr. Dre headphones, nor was it responsible for the concept or design.

48.     Defendants caused their false and misleading statements to enter interstate commerce.

49.     Defendants' false statements and misrepresentations of the nature, characteristics, and qualities of Defendants' commercial activities have harmed and are likely to continue to harm Beats by the diversion of sales from Beats to ROAM.

50.     The conduct alleged above constitutes false advertising, in violation of Section 43(a) of the Lanham Act (15 U.S.C. § 1125(a)).

51.     Defendants' acts have caused, and will continue to cause, substantial monetary harm to Beats, and have damaged Beats' reputation and goodwill, including the goodwill associated with the Beats by Dr. Dre brand.  Defendants' activities, unless restrained, will continue to cause further irreparable injury to Beats and the Beats by Dr. Dre brand for which Beats has no adequate remedy at law.

52.     On information and belief, Defendants undertook the acts described herein with full knowledge and intent to cause harm to Beats.

## SECOND CLAIM FOR RELIEF

### (Unfair Competition, Lanham Act Section 43(a), 15 U.S.C. § 1125(a))

53.     Beats incorporates the allegations in paragraphs 1 through 52 above, as if set forth fully herein.

54.     Defendants have deliberately and intentionally misrepresented their relationship with Beats.  Defendants have misleadingly stated that Lamar was a "co-founder" of Beats by Dr. Dre and Beats Electronics, and have falsely stated that Lamar's company, Jibe Audio, was responsible for the concept, design, manufacture and distribution of Beats by Dr. Dre headphones.

55.     Defendants caused their false and misleading statements to enter interstate commerce.

56.     Defendants' statements have caused, or are likely to cause, confusion, mistake, or deception as to an association between Beats' successful headphones

1   and ROAM's new ROPES headphones, leading consumers to believe that
2   Defendants' untested new headphones are of the same high quality as Beats' and/or
3   that Beats is affiliated with Defendants or Defendants' products.

4       57.    The conduct alleged above constitutes unfair competition, in violation
5   of Section 43(a) of the Lanham Act (15 U.S.C. § 1125(a)).

6       58.    Defendants' acts have caused, and will continue to cause, substantial
7   monetary harm to Beats, and have damaged Beats' reputation and goodwill,
8   including the goodwill associated with the Beats by Dr. Dre brand.  Defendants'
9   activities, unless restrained, will continue to cause further irreparable injury to
10  Beats and the Beats by Dr. Dre brand for which Beats has no adequate remedy at
11  law.

12      59.    On information and belief, Defendants undertook the acts described
13  herein with full knowledge of Beats' rights and with the intent to cause confusion
14  and harm to Beats and to compete unfairly with Beats.

15  **THIRD CLAIM FOR RELIEF**
16  **(False and Misleading Advertising, Cal. Bus. & Prof. Code §§ 17500, *et seq.*)**

17      60.    Beats incorporates the allegations in paragraphs 1 through 59 above, as
18  if set forth fully herein.

19      61.    Defendants have made false and misleading statements about their
20  relationship and/or association with Beats.  Defendants have misleadingly stated
21  that Lamar was a "co-founder" of Beats by Dr. Dre and Beats Electronics, and have
22  falsely stated that Lamar's company, Jibe Audio, was responsible for the concept,
23  design, manufacture and distribution of Beats by Dr. Dre headphones.

24      62.    Defendants knew that these statements were false or misleading, or
25  should have known them to be false or misleading by the exercise of reasonable
26  care.

27      63.    Defendants' statements have misled, or are likely to mislead, a
28  reasonable consumer into believing that Lamar was a "co-founder of Beats by Dr.

14

Dre," that Lamar's company, Jibe Audio, was responsible for the concept, design, manufacture and distribution of Beats by Dr. Dre headphones, that Defendants' untested new headphones are of the same high quality as Beats' and/or that Beats is affiliated with Defendants or Defendants' products.

64.    Defendants knew, or in the exercise of reasonable care should have known, that these statements were misleading or deceptive as set forth herein.

65.    The conduct alleged above constitutes false and misleading advertising, in violation of Section 17500, *et seq.* of California's Business and Professions Code.

66.    Beats has suffered loss of money or property as a result of Defendants' false and misleading statements.  Defendants' acts have caused, and will continue to cause, irreparable injury to Beats, including injury to Beats' reputation and goodwill and the goodwill associated with the Beats by Dr. Dre brand.  Defendants' activities, unless restrained, will continue to cause further irreparable injury to Beats and the Beats by Dr. Dre brand for which Beats has no adequate remedy at law.

## FOURTH CLAIM FOR RELIEF

### (Unfair Competition, Cal. Bus. & Prof. Code §§ 17200, *et seq.*)

67.    Beats incorporates the allegations in paragraphs 1 through 66 above, as if set forth fully herein.

68.    California Business & Professions Code § 17200, *et seq.* ("UCL") prohibits any "unlawful . . . business act or practice."  The above-described acts constitute false advertising and unfair competition under Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a) and false advertising under Sections 17500 of the California Business & Professions Code, and are therefore unlawful acts in violation of the UCL.

69.     Beats reserves the right to allege other violations of law, which constitute other unlawful business acts or practices.  Defendants' conduct is ongoing and continues to this date.

70.     The UCL also prohibits any "unfair or fraudulent business act or practice."

71.     Defendants' above-described acts are unfair because Defendants have made false and misleading statements about their affiliation with Beats in order to confuse the public and capitalize on Beats' goodwill, reputation, and prominence in the market.  These acts gave Defendants an unfair competitive advantage and violated established law and/or public policies which seek to ensure truthful and accurate statements in advertising, including, *inter alia*, Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a), and false advertising under Section 17500 of the California Business & Professions Code.  Therefore, Defendants' acts alleged herein were and are unfair within the meaning of the UCL.

72.     The above-described acts are likely to, and did, mislead or deceive reasonable consumers into believing that there is an affiliation between Beats and ROAM, or between Beats' products and ROAM's products, and therefore are fraudulent acts in violation of the UCL.

73.     Defendants willfully and intentionally made the false and misleading statements with an intent to cause confusion or mistake or to deceive consumers into believing that there is an affiliation between Beats and ROAM, or between Beats' products and ROAM's products.

74.     Beats has suffered loss of money or property as a result of Defendants' unlawful, unfair, and fraudulent business acts and practices.  Defendants' acts have caused, and will continue to cause, irreparable injury to Beats, including injury to Beats' reputation and goodwill and the goodwill associated with the Beats by Dr. Dre brand.  Defendants' activities, unless restrained, will continue to cause further

1  irreparable injury to Beats and the Beats by Dr. Dre brand for which Beats has no

2  adequate remedy at law.

3      75.    Defendants should be required to restore to Beats any and all profits

4  earned as a result of their unlawful, fraudulent and unfair actions, or provide Beats

5  with any other restitutionary relief as the Court deems appropriate.

6                        **FIFTH CLAIM FOR RELIEF**

7      **(Misappropriation of Right of Publicity, Cal. Civ. Code § 3344)**

8      76.    Beats and Dr. Dre incorporate the allegations in paragraphs 1 through

9  75 above, as if set forth fully herein.

10     77.    California Civil Code Section 3344 provides, "Any person who

11 knowingly uses another's name . . . in any manner, on or in products, merchandise,

12 or goods, or for purposes of advertising or selling, or soliciting purchases of,

13 products, merchandise, goods or services, without such person's prior consent . . .

14 shall be liable for any damages sustained by the person or persons injured as a

15 result thereof.

16     78.    Defendants used Dr. Dre's name and registered trademark to advertise,

17 sell or solicit purchases of Defendants' ROPES product, without Dr. Dre's or

18 Beats' prior consent.

19     79.    Defendants knew that they were using Dr. Dre's name and trademark

20 in this fashion without the prior consent of Dr. Dre or Beats.

21     80.    Defendants' unauthorized use of Dr. Dre's name and trademark has

22 caused and will continue to cause Dr. Dre and Beats damages in an amount to be

23 proven at trial.

24     81.    Defendants' unauthorized use of Dr. Dre's name and trademark has

25 caused and will continue to cause irreparable injury to Dr. Dre and to Beats.

26

27

28

**SIXTH CLAIM FOR RELIEF**

**(Common Law Misappropriation of Right of Publicity)**

82.     Beats and Dr. Dre incorporate the allegations in paragraphs 1 through 81 above, as if set forth fully herein.

83.     California recognizes a common law cause of action for the misappropriation of one's right of publicity.

84.     Defendants used Dr. Dre's name, identity, and trademark to their advantage commercially to promote the ROPES product, without Dr. Dre's or Beats' prior consent.

85.     Defendants knew that they were using Dr. Dre's name, identity, and trademark without the prior consent of Dr. Dre or Beats.

86.     Defendants' unauthorized use of Dr. Dre's name and trademark has caused and will continue to cause Dr. Dre and Beats damages in an amount to be proven at trial.

87.     Defendants' unauthorized use of Dr. Dre's name and trademark has caused and will continue to cause irreparable injury to Dr. Dre and to Beats.

**V.    PRAYER FOR RELIEF**

WHEREFORE, Beats and Dr. Dre pray for judgment as follows:

1.    That the Court preliminarily and permanently enjoin Defendants, their officers, agents, servants, employees, attorneys, and all others in active concert or participation with them from:

(a)    Making false or misleading statements with respect to Lamar's purported relationship with Beats or Beats by Dr. Dre, including statements to the effect that Lamar was a "co-founder" of Beats or Beats by Dr. Dre or an employee of Beats or Beats by Dr. Dre;

(b)    Making false or misleading statements with respect to Jibe Audio's purported involvement with Beats or Beats by Dr. Dre;

18

(c)     Committing any other unlawful business practices directed toward obtaining the business and customers of Beats; and

(d)     Using Dr. Dre's name, image and likeness to Defendants' advantage without authorization for their commercial advantage.

2.     That the Court preliminarily and permanently order Defendants, their officers, agents, servants, employees, attorneys, and all others in active concert or participation with them to remove all statements made on social media sites or online claiming:

(a)     That Defendant Lamar was a "co-founder" of Beats or Beats by Dr. Dre or an employee of Beats or Beats by Dr. Dre;

(b)     That Jibe Audio had any involvement with Beats or Beats by Dr. Dre; and

(c)     Any other false or misleading statements about any of Defendants' associations with Beats.

3.     That the Court order Defendants, their officers, agents, servants, employees, attorneys, and all others in active concert or participation to remedy their misstatements by, including but not limited to:

(a)     Issuing a public statement correcting Defendants' earlier misrepresentations;

(b)     Contacting every third party who inaccurately referred to Lamar as a co-founder of Beats or described him as an employee of Beats to explain that Lamar was not a co-founder or employee of Beats and that the inaccurate language should be removed or withdrawn; and

(c)     Contacting every third party who inaccurately referred to Jibe Audio as having any involvement with Beats or Beats by Dr. Dre headphones to explain that the inaccurate language should be removed or withdrawn.

4.  That the Court award Beats and Dr. Dre the profits made by Defendants and the actual damages suffered by Beats as a result of Defendants' unlawful conduct, in an amount to be proven at trial.

5.  That the Court award Beats treble damages and enhanced profits pursuant to 15 U.S.C. § 1117(a).

6.  That the Court award Dr. Dre and Beats punitive damages pursuant to Cal. Civ. Code § 3344(a).

7.  That the Court award prejudgment interest on all amounts awarded.

8.  That the Court award Beats its costs and attorneys' fees pursuant to 15 U.S.C. § 1117 and applicable California law.

9.  That the Court award Dr. Dre and Beats their costs and attorneys' fees pursuant to Cal. Civ. Code § 3344(a) and applicable California law.

10.  That the Court grant Beats any other remedy to which it may be entitled, including all remedies provided for in 15 U.S.C. § 1117 and under California law.

11.  That the Court grant Dr. Dre any other remedy to which he may be entitled, including all remedies provided for under California law.

12.  That the Court award such other relief as it deems just and proper.

### DEMAND FOR JURY TRIAL

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Beats and Dr. Dre hereby demand trial by jury on all issues raised by the Complaint.

Dated:  January 23, 2015                MORRISON & FOERSTER LLP


By:  _____/s/ David M. Walsh_____
         David M. Walsh

Attorneys for Plaintiffs
BEATS ELECTRONICS, LLC and
ANDRE YOUNG p/k/a DR. DRE

sf-3493596