1  DAVID M. WALSH (SB# 120761)
   WENDY J. RAY (SB# 226269)
2  KAI S. BARTOLOMEO (SB# 264033)
   ADAM M. SEVELL (SB# 266428)
3  dwalsh@mofo.com
   wray@mofo.com
4  kbartolomeo@mofo.com
   asevell@mofo.com
5  MORRISON & FOERSTER LLP
   707 Wilshire Boulevard, Suite 6000
6  Los Angeles, CA  90017-3543
   Telephone:  (213) 892-5200
7  Facsimile:  (213) 892-5454

8  Attorneys for Plaintiffs
   BEATS ELECTRONICS, LLC and
9  ANDRE YOUNG p/k/a DR. DRE

10
   [*Additional counsel continued on next page*]
11

12              **UNITED STATES DISTRICT COURT**

13              **CENTRAL DISTRICT OF CALIFORNIA**

14

15  BEATS ELECTRONICS, LLC and          Case No. 2:14-cv-07537-FMO (MRWx)
    ANDRE YOUNG p/k/a DR. DRE,
16                                       Hon. Fernando M. Olguin
17                  Plaintiffs,
                                         **STIPULATED PROTECTIVE ORDER**
18          v.                           **REGARDING THE DISCLOSURE**
                                         **AND USE OF DISCOVERY**
19  STEVEN LAMAR; ROAM, LLC;             **MATERIALS**
    ROAM, INC; and DOES 1-10,
20  inclusive,
21                  Defendants.          Compl. Filed:  September 26, 2014
                                         First Am. Compl. Filed:  January 23, 2015
22                                       Trial Date:  February 9, 2016

23

24

25

26

27

28

1    STEPHEN E. MORRISSEY(187865)
     smorrissey@susmangodfrey.com
2    SUSMAN GODFREY L.L.P.
     1201 Third Avenue, Suite 3800
3    Seattle, Washington 98101
     Telephone: (206) 373-7380
4    Facsimile: (206) 516-3883

5    BRIAN MELTON (Pro Hac Vice)
     bmelton@susmangodfrey.com
6    SUSMAN GODFREY L.L.P.
     1000 Louisiana St., Suite 5100
7    Houston, Texas 77002
     Telephone: (713) 651-9366
8    Facsimile: (713) 654-6666

9    Attorneys for Defendants
     STEVEN LAMAR, ROAM, INC.,
10   ROAM, LLC

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

[PROPOSED] STIPULATED PROTECTIVE ORDER

la-1289878

1   1.   INTRODUCTION

2        1.1   Purposes and Limitations

3        Disclosure and discovery activity in this action are likely to involve

4   production of confidential, proprietary, or private information for which special

5   protection from public disclosure and from use for any purpose other than

6   prosecuting this litigation may be warranted. Accordingly, the parties hereby

7   stipulate to and petition the court to enter the following Stipulated Protective Order.

8   The parties acknowledge that this Order does not confer blanket protections on all

9   disclosures or responses to discovery and that the protection it affords from public

10  disclosure and use extends only to the limited information or items that are entitled

11  to confidential treatment under the applicable legal principles. The parties further

12  acknowledge, as set forth in Section 12.3, below, that this Stipulated Protective

13  Order does not entitle them to file confidential information under seal; Civil Local

14  Rule 79-5 sets forth the procedures that must be followed and the standards that

15  will be applied when a party seeks permission from the court to file material under

16  seal.

17       1.2   Good Cause Statement

18       This action is a dispute between competitors in the consumer electronics

19  industry.  As such, is likely to involve sensitive and valuable development,

20  commercial, financial, technical and/or proprietary information for which special

21  protection from public disclosure and from use for any purpose other than

22  prosecution of this action is warranted.  Such confidential and proprietary materials

23  and information consist of, among other things, confidential business or financial

24  information, information regarding confidential business practices, or other

25  confidential research, development, or commercial information (including

26  information implicating privacy rights of third parties), information otherwise

27  generally unavailable to the public, or which may be privileged or otherwise

28

1  protected from disclosure under state or federal statutes, court rules, case decisions,
2  or common law.  Accordingly, to expedite the flow of information, to facilitate the
3  prompt resolution of disputes over confidentiality of discovery materials, to
4  adequately protect information the parties are entitled to keep confidential, to
5  ensure that the parties are permitted reasonable necessary uses of such material in
6  preparation for and in the conduct of trial, to address their handling at the end of the
7  litigation, and serve the ends of justice, a protective order for such information is
8  justified in this matter.  It is the intent of the parties that information will not be
9  designated as confidential for tactical reasons and that nothing be so designated
10  without a good faith belief that it has been maintained in a confidential, non-public
11  manner, and there is good cause why it should not be part of the public record of
12  this case.
13      This Stipulated Protective Order is based on, and virtually identical to, the
14  United States District Court for the Northern District of California's Model
15  Protective Order for Litigation Involving Patents, Highly Sensitive Confidential
16  Information and/or Trade Secrets (updated August 20, 2014), available at
17  http://www.cand.uscourts.gov/filelibrary/776/ND_Cal_Patent_Highly_Sensitive_M
18  odel_Prot_Ord_Revised.docx.  The parties respectfully submit that discovery in this
19  action is likely to involve highly sensitive and proprietary information warranting
20  enhanced protection.  The Northern District's model order includes a separate
21  designation, and corresponding protections, for such "Highly Confidential"
22  information.  Accordingly, the parties have adopted the Northern District's model
23  order (with minimal modifications), in lieu of the Court's Form Stipulated
24  Protective Order (as modified October 2014), which does not include provisions for
25  "Highly Confidential" information.  The parties have, however, adopted the Court's
26  model provisions for "Challenging Confidentiality Designations" in accordance
27  with Local Rule 37.1 et seq.
28

2.     DEFINITIONS

2.1     Challenging Party: a Party or Non-Party that challenges the designation of information or items under this Order.

2.2     "CONFIDENTIAL" Information or Items: information (regardless of how it is generated, stored or maintained) or tangible things that qualify for protection under Federal Rule of Civil Procedure 26(c).

2.3     Counsel (without qualifier): Outside Counsel of Record and House Counsel (as well as their support staff).

2.4     Designating Party: a Party or Non-Party that designates information or items that it produces in disclosures or in responses to discovery as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY."

2.5     Disclosure or Discovery Material: all items or information, regardless of the medium or manner in which it is generated, stored, or maintained (including, among other things, testimony, transcripts, and tangible things), that are produced or generated in disclosures or responses to discovery in this matter.

2.6     Expert: a person with specialized knowledge or experience in a matter pertinent to the litigation who (1) has been retained by a Party or its counsel to serve as an expert witness or as a consultant in this action, (2) is not a past or current employee of a Party or of a Party's competitor, and (3) at the time of retention, is not anticipated to become an employee of a Party or of a Party's competitor.

2.7     "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" Information or Items: extremely sensitive "Confidential Information or Items," disclosure of which to another Party or Non-Party would create a substantial risk of serious harm that could not be avoided by less restrictive means.

2.8     House Counsel: attorneys who are employees of a party to this action.

3

la-1289878

House Counsel does not include Outside Counsel of Record or any other outside counsel.

2.9 <u>Non-Party</u>: any natural person, partnership, corporation, association, or other legal entity not named as a Party to this action.

2.10 <u>Outside Counsel of Record</u>: attorneys who are not employees of a party to this action but are retained to represent or advise a party to this action and have appeared in this action on behalf of that party or are affiliated with a law firm which has appeared on behalf of that party.

2.11 <u>Party</u>: any party to this action, including all of its officers, directors, employees, consultants, retained experts, and Outside Counsel of Record (and their support staffs).

2.12 <u>Producing Party</u>: a Party or Non-Party that produces Disclosure or Discovery Material in this action.

2.13 <u>Professional Vendors</u>: persons or entities that provide litigation support services (e.g., photocopying, videotaping, translating, preparing exhibits or demonstrations, and organizing, storing, or retrieving data in any form or medium) and their employees and subcontractors.

2.14 <u>Protected Material</u>: any Disclosure or Discovery Material that is designated as "CONFIDENTIAL," or as "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY."

2.15 <u>Receiving Party</u>: a Party that receives Disclosure or Discovery Material from a Producing Party.

3. <u>SCOPE</u>

The protections conferred by this Stipulation and Order cover not only Protected Material (as defined above), but also (1) any information copied or extracted from Protected Material; (2) all copies, excerpts, summaries, or compilations of Protected Material; and (3) any testimony, conversations, or

4

presentations by Parties or their Counsel that might reveal Protected Material. However, the protections conferred by this Stipulation and Order do not cover the following information: (a) any information that is in the public domain at the time of disclosure to a Receiving Party or becomes part of the public domain after its disclosure to a Receiving Party as a result of publication not involving a violation of this Order, including becoming part of the public record through trial or otherwise; and (b) any information known to the Receiving Party prior to the disclosure or obtained by the Receiving Party after the disclosure from a source who obtained the information lawfully and under no obligation of confidentiality to the Designating Party. Any use of Protected Material at trial shall be governed by a separate agreement or order.

4.    DURATION

Even after final disposition of this litigation, the confidentiality obligations imposed by this Order shall remain in effect until a Designating Party agrees otherwise in writing or a court order otherwise directs. Final disposition shall be deemed to be the later of (1) dismissal of all claims and defenses in this action, with or without prejudice; and (2) final judgment herein after the completion and exhaustion of all appeals, rehearings, remands, trials, or reviews of this action, including the time limits for filing any motions or applications for extension of time pursuant to applicable law.

5.    DESIGNATING PROTECTED MATERIAL

5.1    Exercise of Restraint and Care in Designating Material for Protection. Each Party or Non-Party that designates information or items for protection under this Order must take care to limit any such designation to specific material that qualifies under the appropriate standards. To the extent it is practical to do so, the Designating Party must designate for protection only those parts of material, documents, items, or oral or written communications that qualify – so that other

portions of the material, documents, items, or communications for which protection
is not warranted are not swept unjustifiably within the ambit of this Order.

Mass, indiscriminate, or routinized designations are prohibited. Designations
that are shown to be clearly unjustified or that have been made for an improper
purpose (e.g., to unnecessarily encumber or retard the case development process or
to impose unnecessary expenses and burdens on other parties) expose the
Designating Party to sanctions.

If it comes to a Designating Party's attention that information or items that it
designated for protection do not qualify for protection at all or do not qualify for the
level of protection initially asserted, that Designating Party must promptly notify all
other parties that it is withdrawing the mistaken designation.

5.2    <u>Manner and Timing of Designations</u>. Except as otherwise provided in
this Order (see, e.g., second paragraph of section 5.2(a) below), or as otherwise
stipulated or ordered, Disclosure or Discovery Material that qualifies for protection
under this Order must be clearly so designated before the material is disclosed or
produced.

Designation in conformity with this Order requires:

(a) <u>for information in documentary form</u> (e.g., paper or electronic documents,
but excluding transcripts of depositions or other pretrial or trial proceedings), that
the Producing Party affix the legend "CONFIDENTIAL" or "HIGHLY
CONFIDENTIAL – ATTORNEYS' EYES ONLY" to each page that contains
protected material. If only a portion or portions of the material on a page qualifies
for protection, the Producing Party also must clearly identify the protected
portion(s) (e.g., by making appropriate markings in the margins) and must specify,
for each portion, the level of protection being asserted.

A Party or Non-Party that makes original documents or materials available
for inspection need not designate them for protection until after the inspecting Party

1  has indicated which material it would like copied and produced. During the

2  inspection and before the designation, all of the material made available for

3  inspection shall be deemed "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES

4  ONLY." After the inspecting Party has identified the documents it wants copied

5  and produced, the Producing Party must determine which documents, or portions

6  thereof, qualify for protection under this Order. Then, before producing the

7  specified documents, the Producing Party must affix the appropriate legend

8  ("CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES

9  ONLY") to each page that contains Protected Material. If only a portion or portions

10 of the material on a page qualifies for protection, the Producing Party also must

11 clearly identify the protected portion(s) (e.g., by making appropriate markings in

12 the margins) and must specify, for each portion, the level of protection being

13 asserted.

14        (b) for testimony given in deposition or in other pretrial or trial proceedings,

15 that the Designating Party identify on the record, before the close of the deposition,

16 hearing, or other proceeding, all protected testimony and specify the level of

17 protection being asserted. When it is impractical to identify separately each portion

18 of testimony that is entitled to protection and it appears that substantial portions of

19 the testimony may qualify for protection, the Designating Party may invoke on the

20 record (before the deposition, hearing, or other proceeding is concluded) a right to

21 have up to 21 days to identify the specific portions of the testimony as to which

22 protection is sought and to specify the level of protection being asserted. Only those

23 portions of the testimony that are appropriately designated for protection within the

24 21 days shall be covered by the provisions of this Stipulated Protective Order.

25 Alternatively, a Designating Party may specify, at the deposition or up to 21 days

26 afterwards if that period is properly invoked, that the entire transcript shall be

27 treated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS'

28

[PROPOSED] STIPULATED PROTECTIVE ORDER
la-1289878

1    EYES ONLY."

2         Parties shall give the other parties notice if they reasonably expect a

3    deposition, hearing or other proceeding to include Protected Material so that the

4    other parties can ensure that only authorized individuals who have signed the

5    "Acknowledgment and Agreement to Be Bound" (Exhibit A) are present at those

6    proceedings. The use of a document as an exhibit at a deposition shall not in any

7    way affect its designation as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL

8    – ATTORNEYS' EYES ONLY."

9         Transcripts containing Protected Material shall have an obvious legend on

10   the title page that the transcript contains Protected Material, and the title page shall

11   be followed by a list of all pages (including line numbers as appropriate) that have

12   been designated as Protected Material and the level of protection being asserted by

13   the Designating Party. The Designating Party shall inform the court reporter of

14   these requirements. Any transcript that is prepared before the expiration of a 21-day

15   period for designation shall be treated during that period as if it had been designated

16   "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" in its entirety unless

17   otherwise agreed. After the expiration of that period, the transcript shall be treated

18   only as actually designated.

19        (c) <u>for information produced in some form other than documentary and for</u>

20   <u>any other tangible items</u>, that the Producing Party affix in a prominent place on the

21   exterior of the container or containers in which the information or item is stored the

22   legend "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS'

23   EYES ONLY." If only a portion or portions of the information or item warrant

24   protection, the Producing Party, to the extent practicable, shall identify the

25   protected portion(s) and specify the level of protection being asserted.

26        5.3    <u>Inadvertent Failures to Designate</u>. If timely corrected, an inadvertent

27   failure to designate qualified information or items does not, standing alone, waive

28

8

la-1289878

the Designating Party's right to secure protection under this Order for such material. Upon timely correction of a designation, the Receiving Party must make reasonable efforts to assure that the material is treated in accordance with the provisions of this Order.

6.   CHALLENGING CONFIDENTIALITY DESIGNATIONS

6.1   Timing of Challenges.  Any Party or Non-Party may challenge a designation of confidentiality at any time that is consistent with the Court's Scheduling Order.

6.2   Meet and Confer.  The Challenging Party shall initiate the dispute resolution process (and, if necessary, file a discovery motion) under Local Rule 37.1 et seq.

6.3   The burden of persuasion in any such challenge proceeding shall be on the Designating Party.  Frivolous challenges, and those made for an improper purpose (e.g., to harass or impose unnecessary expenses and burdens on other parties) may expose the Challenging Party to sanctions.  Unless the Designating Party has waived or withdrawn the confidentiality designation, all parties shall continue to afford the material in question the level of protection to which it is entitled under the Producing Party's designation until the Court rules on the challenge.

7.   ACCESS TO AND USE OF PROTECTED MATERIAL

7.1   Basic Principles. A Receiving Party may use Protected Material that is disclosed or produced by another Party or by a Non-Party in connection with this case only for prosecuting, defending, or attempting to settle this litigation. Such Protected Material may be disclosed only to the categories of persons and under the conditions described in this Order. When the litigation has been terminated, a Receiving Party must comply with the provisions of section 13 below (FINAL DISPOSITION).

Protected Material must be stored and maintained by a Receiving Party at a location and in a secure manner[1] that ensures that access is limited to the persons authorized under this Order.

7.2 <u>Disclosure of "CONFIDENTIAL" Information or Items</u>. Unless otherwise ordered by the court or permitted in writing by the Designating Party, a Receiving Party may disclose any information or item designated "CONFIDENTIAL" only to:

(a) the Receiving Party's Outside Counsel of Record in this action, as well as employees of said Outside Counsel of Record to whom it is reasonably necessary to disclose the information for this litigation and who have signed the "Acknowledgment and Agreement to Be Bound" that is attached hereto as Exhibit A;

(b) the officers, directors, and employees (including House Counsel) of the Receiving Party to whom disclosure is reasonably necessary for this litigation and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

(c) Experts (as defined in this Order) of the Receiving Party to whom disclosure is reasonably necessary for this litigation and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

(d) the court and its personnel;

(e) court reporters and their staff, professional jury or trial consultants, and Professional Vendors to whom disclosure is reasonably necessary for this litigation and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

(f) during their depositions, witnesses in the action to whom disclosure is reasonably necessary and who have signed the "Acknowledgment and Agreement

---

[1] It may be appropriate under certain circumstances to require the Receiving Party to store any electronic Protected Material in password-protected form.

la-1289878

1  to Be Bound" (Exhibit A), unless otherwise agreed by the Designating Party or

2  ordered by the court. Pages of transcribed deposition testimony or exhibits to

3  depositions that reveal Protected Material must be separately bound by the court

4  reporter and may not be disclosed to anyone except as permitted under this

5  Stipulated Protective Order.

6       (g) the author or recipient of a document containing the information or a

7  custodian or other person who otherwise possessed or knew the information.

8       7.3    Disclosure of "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES

9  ONLY" Information or Items. Unless otherwise ordered by the court or permitted in

10 writing by the Designating Party, a Receiving Party may disclose any information

11 or item designated "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY"

12 only to:

13      (a) the Receiving Party's Outside Counsel of Record in this action, as well as

14 employees of said Outside Counsel of Record to whom it is reasonably necessary to

15 disclose the information for this litigation and who have signed the

16 "Acknowledgment and Agreement to Be Bound" that is attached hereto as Exhibit

17 A;

18      (c) Experts of the Receiving Party (1) to whom disclosure is reasonably

19 necessary for this litigation, (2) who have signed the "Acknowledgment and

20 Agreement to Be Bound" (Exhibit A), and (3) as to whom the procedures set forth

21 in paragraph 7.4(a)(2), below, have been followed;

22      (d) the court and its personnel;

23      (e) court reporters and their staff, professional jury or trial consultants, and

24 Professional Vendors to whom disclosure is reasonably necessary for this litigation

25 and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit

26 A); and

27      (f) the author or recipient of a document containing the information or a

28

11

[PROPOSED] STIPULATED PROTECTIVE ORDER

la-1289878

1     custodian or other person who otherwise possessed or knew the information.

2         7.4 <u>Procedures for Approving or Objecting to Disclosure of "HIGHLY</u>

3 <u>CONFIDENTIAL – ATTORNEYS' EYES ONLY" Information or Items to</u>

4 <u>Experts.</u>

5         "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS'

6 EYES ONLY" information or items may be disclosed to an Expert without

7 disclosure of the identity of the Expert as long as the Expert is not a current officer,

8 director, or employee of a competitor of a Party or anticipated to become one.

9         (a) Unless otherwise ordered by the court or agreed to in writing by the

10 Designating Party, a Party that seeks to disclose to an Expert (as defined in this

11 Order) who is a current officer, director, or employee of a competitor of a Party or

12 anticipated to become one any information or item that has been designated

13 "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" pursuant to

14 paragraph 7.3(c) first must make a written request to the Designating Party that (1)

15 identifies the general categories of "HIGHLY CONFIDENTIAL – ATTORNEYS'

16 EYES ONLY" information that the Receiving Party seeks permission to disclose to

17 the Expert, (2) sets forth the full name of the Expert and the city and state of his or

18 her primary residence, (3) attaches a copy of the Expert's current resume,

19 (4) identifies the Expert's current employer(s), (5) identifies each person or entity

20 from whom the Expert has received compensation or funding for work in his or her

21 areas of expertise or to whom the expert has provided professional services,

22 including in connection with a litigation, at any time during the preceding five

23 years,[2] and (6) identifies (by name and number of the case, filing date, and location

24

25       [2] If the Expert believes any of this information is subject to a confidentiality
obligation to a third-party, then the Expert should provide whatever information the
26 Expert believes can be disclosed without violating any confidentiality agreements,
and the Party seeking to disclose to the Expert shall be available to meet and confer
27 with the Designating Party regarding any such engagement.

28

of court) any litigation in connection with which the Expert has offered expert testimony, including through a declaration, report, or testimony at a deposition or trial, during the preceding five years.[3]

(b) A Party that makes a request and provides the information specified in the preceding respective paragraphs may disclose the subject Protected Material to the identified Expert unless, within 14 days of delivering the request, the Party receives a written objection from the Designating Party. Any such objection must set forth in detail the grounds on which it is based.

(c) A Party that receives a timely written objection must meet and confer with the Designating Party (through direct voice to voice dialogue) to try to resolve the matter by agreement within seven days of the written objection. If no agreement is reached, the Party seeking to make the disclosure to the Expert may file a motion as provided in Civil Local Rule 37.1 et seq. (and in compliance with Civil Local Rule 79-5, if applicable) seeking permission from the court to do so. Any such motion must describe the circumstances with specificity, set forth in detail the reasons why the disclosure to the Expert is reasonably necessary, assess the risk of harm that the disclosure would entail, and suggest any additional means that could be used to reduce that risk. In addition, any such motion must be accompanied by a competent declaration describing the parties' efforts to resolve the matter by agreement (i.e., the extent and the content of the meet and confer discussions) and setting forth the reasons advanced by the Designating Party for its refusal to approve the disclosure.

In any such proceeding, the Party opposing disclosure to the Expert shall bear the burden of proving that the risk of harm that the disclosure would entail

---

[3] It may be appropriate in certain circumstances to restrict the Expert from undertaking certain limited work prior to the termination of the litigation that could foreseeably result in an improper use of the Designating Party's "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" information.

[PROPOSED] STIPULATED PROTECTIVE ORDER

la-1289878

1   (under the safeguards proposed) outweighs the Receiving Party's need to disclose

2   the Protected Material to its Expert.

3   8.      PROTECTED MATERIAL SUBPOENAED OR ORDERED PRODUCED

4   IN OTHER LITIGATION

5          If a Party is served with a subpoena or a court order issued in other litigation

6   that compels disclosure of any information or items designated in this action as

7   "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES

8   ONLY" that Party must:

9          (a) promptly notify in writing the Designating Party. Such notification shall

10  include a copy of the subpoena or court order;

11         (b) promptly notify in writing the party who caused the subpoena or order to

12  issue in the other litigation that some or all of the material covered by the subpoena

13  or order is subject to this Protective Order. Such notification shall include a copy of

14  this Stipulated Protective Order; and

15         (c) cooperate with respect to all reasonable procedures sought to be pursued

16  by the Designating Party whose Protected Material may be affected.[4]

17         If the Designating Party timely seeks a protective order, the Party served with

18  the subpoena or court order shall not produce any information designated in this

19  action as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS'

20  EYES ONLY" before a determination by the court from which the subpoena or

21  order issued, unless the Party has obtained the Designating Party's permission. The

22  Designating Party shall bear the burden and expense of seeking protection in that

23  court of its confidential material – and nothing in these provisions should be

24  construed as authorizing or encouraging a Receiving Party in this action to disobey

25  _____

26  [4] The purpose of imposing these duties is to alert the interested parties to the
    existence of this Protective Order and to afford the Designating Party in this case an
27  opportunity to try to protect its confidentiality interests in the court from which the
    subpoena or order issued.

28

a lawful directive from another court.

9.      A NON-PARTY'S PROTECTED MATERIAL SOUGHT TO BE PRODUCED IN THIS LITIGATION

(a)      The terms of this Order are applicable to information produced by a Non-Party in this action and designated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY." Such information produced by Non-Parties in connection with this litigation is protected by the remedies and relief provided by this Order. Nothing in these provisions should be construed as prohibiting a Non-Party from seeking additional protections.

(b)      In the event that a Party is required, by a valid discovery request, to produce a Non-Party's confidential information in its possession, and the Party is subject to an agreement with the Non-Party not to produce the Non-Party's confidential information, then the Party shall:

1.  promptly notify in writing the Requesting Party and the Non-Party that some or all of the information requested is subject to a confidentiality agreement with a Non-Party;

2.  promptly provide the Non-Party with a copy of the Stipulated Protective Order in this litigation, the relevant discovery request(s), and a reasonably specific description of the information requested; and

3.  make the information requested available for inspection by the Non-Party.

(c)      If the Non-Party fails to object or seek a protective order from this court within 14 days of receiving the notice and accompanying information, the Receiving Party may produce the Non-Party's confidential information responsive to the discovery request. If the Non-Party timely seeks a protective order, the Receiving Party shall not produce any information in its possession or control that is subject to the confidentiality agreement with the Non-Party before a

15

determination by the court.[5] Absent a court order to the contrary, the Non-Party shall bear the burden and expense of seeking protection in this court of its Protected Material.

10.   UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL

If a Receiving Party learns that, by inadvertence or otherwise, it has disclosed Protected Material to any person or in any circumstance not authorized under this Stipulated Protective Order, the Receiving Party must immediately (a) notify in writing the Designating Party of the unauthorized disclosures, (b) use its best efforts to retrieve all unauthorized copies of the Protected Material, (c) inform the person or persons to whom unauthorized disclosures were made of all the terms of this Order, and (d) request such person or persons to execute the "Acknowledgment and Agreement to Be Bound" that is attached hereto as Exhibit A.

11.   INADVERTENT PRODUCTION OF PRIVILEGED OR OTHERWISE PROTECTED MATERIAL

When a Producing Party gives notice to Receiving Parties that certain inadvertently produced material is subject to a claim of privilege or other protection, the obligations of the Receiving Parties are those set forth in Federal Rule of Civil Procedure 26(b)(5)(B). This provision is not intended to modify whatever procedure may be established in an e-discovery order that provides for production without prior privilege review. Pursuant to Federal Rule of Evidence 502(d) and (e), insofar as the parties reach an agreement on the effect of disclosure of a communication or information covered by the attorney-client privilege or work product protection, the parties may incorporate their agreement in the stipulated protective order submitted to the court.

---

[5] The purpose of this provision is to alert the interested parties to the existence of confidentiality rights of a Non-Party and to afford the Non-Party an opportunity to protect its confidentiality interests in this court.

la-1289878

12. <u>MISCELLANEOUS</u>

    12.1 <u>Right to Further Relief</u>. Nothing in this Order abridges the right of any person to seek its modification by the court in the future.

    12.2 <u>Right to Assert Other Objections</u>. By stipulating to the entry of this Protective Order no Party waives any right it otherwise would have to object to disclosing or producing any information or item on any ground not addressed in this Stipulated Protective Order. Similarly, no Party waives any right to object on any ground to use in evidence of any of the material covered by this Protective Order.

    12.3 <u>Filing Protected Material</u>. Without written permission from the Designating Party or a court order secured after appropriate notice to all interested persons, a Party may not file in the public record in this action any Protected Material. A Party that seeks to file under seal any Protected Material must comply with Civil Local Rule 79-5.

13. <u>FINAL DISPOSITION</u>

    Within 60 days after the final disposition of this action, as defined in paragraph 4, each Receiving Party must return all Protected Material to the Producing Party or destroy such material. As used in this subdivision, "all Protected Material" includes all copies, abstracts, compilations, summaries, and any other format reproducing or capturing any of the Protected Material. Whether the Protected Material is returned or destroyed, the Receiving Party must submit a written certification to the Producing Party (and, if not the same person or entity, to the Designating Party) by the 60-day deadline that (1) identifies (by category, where appropriate) all the Protected Material that was returned or destroyed and (2) affirms that the Receiving Party has not retained any copies, abstracts, compilations, summaries or any other format reproducing or capturing any of the Protected Material. Notwithstanding this provision, Counsel are entitled to retain an

la-1289878

1    archival copy of all pleadings, motion papers, trial, deposition, and hearing

2    transcripts, legal memoranda, correspondence, deposition and trial exhibits, expert

3    reports, attorney work product, and consultant and expert work product, even if

4    such materials contain Protected Material. Any such archival copies that contain or

5    constitute Protected Material remain subject to this Protective Order as set forth in

6    Section 4 (DURATION).

7             IT IS SO STIPULATED, THROUGH COUNSEL OF RECORD.

8    Dated:  August 3, 2015               MORRISON & FOERSTER LLP

9

10                                        By:  /s/ David M. Walsh
                                               David M. Walsh
11

12                                        Attorneys for Plaintiffs
                                          BEATS ELECTRONICS, LLC and
13                                        ANDRE YOUNG P/K/A DR. DRE

14   Dated:  August 3, 2015               SUSMAN GODFREY L.L.P.

15

16                                        By: /s/ Stephen E. Morrissey
                                               Stephen E. Morrissey
17

18                                        Attorneys for Defendants
                                          STEVEN LAMAR, ROAM, LLC,
19                                        and ROAM, INC.

20

21

22

23

24

25

26

27

28

---

18

1

**ECF ATTESTATION**

2   I, David M. Walsh, am the ECF User whose ID and password are being used to file

3   the above [Proposed] Stipulated Protective Order.   In compliance with Local Rule

4   5-4.3.4, I hereby attest that counsel for Defendants have concurred in and

5   authorized this filing, and I shall maintain records to support this concurrence for

6   subsequent production for the Court if so ordered or for inspection upon request by

7   a party.

8

9                                              By:      /s/ David M. Walsh

10                                                      David M. Walsh

11                                                      Attorneys for Plaintiffs
                                                        BEATS ELECTRONICS, LLC and
12                                                      ANDRE YOUNG P/K/A DR. DRE

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

[PROPOSED] STIPULATED PROTECTIVE ORDER

la-1289878

1   PURSUANT TO STIPULATION, IT IS SO ORDERED.

2

3   DATED:  August 4, 2015

4                                                     Hon. Michael R. Wilner
                                                      United States Magistrate Judge

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

20

[PROPOSED] STIPULATED PROTECTIVE ORDER

la-1289878

1  <u>EXHIBIT A</u>

2  <u>ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND</u>

3      I, _____ [print or type full name], of

4  _____ [print or type full address], declare under penalty of perjury

5  that I have read in its entirety and understand the Stipulated Protective Order that

6  was issued by the United States District Court for the Central District of California

7  on _____ [print or type date] in the case of *Beats Electronics, LLC, et al. v.*

8  *Steven Lamar, et al.*, Case No. 2:14-cv-07537-FMO (MRWx). I agree to comply

9  with and to be bound by all the terms of this Stipulated Protective Order and I

10  understand and acknowledge that failure to so comply could expose me to sanctions

11  and punishment in the nature of contempt. I solemnly promise that I will not

12  disclose in any manner any information or item that is subject to this Stipulated

13  Protective Order to any person or entity except in strict compliance with the

14  provisions of this Order.

15      I further agree to submit to the jurisdiction of the United States District Court

16  for the Central District of California for the purpose of enforcing the terms of this

17  Stipulated Protective Order, even if such enforcement proceedings occur after

18  termination of this action.

19  / /

20  / /

21  / /

22  / /

23  / /

24  / /

25  / /

26  / /

27  / /

28

21

[PROPOSED] STIPULATED PROTECTIVE ORDER

la-1289878

1    I hereby appoint _____ [print or type full name] of

2    _____ [print or type full address and

3    telephone number] as my California agent for service of process in connection with

4    this action or any proceedings related to enforcement of this Stipulated Protective

5    Order.

6

7    Date: _____

8    City and State where sworn and signed: _____

9
10   Printed name: _____

11
12   Signature: _____

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

[PROPOSED] STIPULATED PROTECTIVE ORDER

la-1289878